## W. H. COGSHALL *et al.* v. THE PITTSBURG ROLLER MILLING COMPANY.

1. APPEAL—*Review of Conflicting Evidence.* The pleadings, evidence and proceedings examined and *held,* that the petition of the plaintiff below clearly stated a cause of action, and the evidence tending to prove the plaintiff's case clearly proved a cause of action; and that, after a trial, and a verdict and judgment in favor of the plaintiff, and after the case had been brought to the supreme court, the supreme court cannot consider contradictory or conflicting evidence, as in such a case the questions as to what the evidence proved and what it disproved were questions solely for the jury and the trial court.

2. WITNESS—*Facts, Not Conclusions.* The trial court did not err in refusing to permit the following question, propounded by the defendants to one of the defendants as a witness, to be answered, to wit: "Did you ever accept this proposition of his?" The defendants should have asked their own witness, who was also a party, only what was said and what was done, and then let the witness state the facts and not merely his conclusions.

3. ——— *No Error.* Other matters considered, and *held,* that no material error was committed by the trial court.

*Error from Crawford District Court.*

THE opinion states the case.

*Van Syckel & Littick,* for plaintiffs in error.

*Van Gundy & Cliggitt,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Crawford county, on March 1, 1888, by the Pittsburg Roller Milling Company against W. H. Cogshall and C. S. Henning, partners, doing business under the firm-name of Cogshall & Henning, to recover for an alleged breach of a contract to sell and deliver 10 car-loads of corn at Cherokee, in Crawford county. At the August term, 1891, a trial was had before the court and a jury, and the jury found generally in favor of the plaintiff and against the defendants, and assessed plaintiff's damages at $247.50, and the court rendered

judgment accordingly; and the defendants, as plaintiffs in error, have brought the case to this court for review. Errors are assigned in this court as follows:

"1. The said court erred in overruling the defendants' demurrer to the petition of the plaintiff, which demurrer should have been sustained by the court for the reason therein set forth and for the ground thereof.

"2. The court erred in overruling the demurrer of the defendants to the evidence of the plaintiff, as said demurrer should have been sustained for the causes therein set forth and the grounds thereof.

"3. The court erred in overruling the defendants' motion for a new trial, which motion should have been sustained for the reasons therein set forth and upon each and every ground thereof."

The grounds upon which the defendant's motion for a new trial was based are as follows:

"1. For error in the assessment of the amount of the recovery, said amount of recovery being too large.

"2. Because the verdict is not sustained by sufficient evidence.

"3. Because the verdict is contrary to law.

"4. For error of law occurring at the trial and excepted to by the defendants at the time."

In this court it is claimed that the petition of the plaintiff below did not state facts sufficient to constitute a cause of action; that the evidence introduced on the trial did not prove any cause of action; that the court below erred in the admission and exclusion of evidence, and that the verdict is excessive. There is really so little ground for any claim of material error that we scarcely know what to say. The petition of the plaintiff below clearly stated a cause of action; and the evidence tending to prove the plaintiff's case clearly proved a cause of action. But probably the principal cause for complaint is this: There was much contradictory evidence, and the evidence of the defendants appears from the record brought to this court to be fully as strong and convincing as that of the plaintiff. These matters, however, we cannot con-

31 — 48 KAS.

sider. What the evidence proves and what it disproves, where there is a conflict, are questions solely for the jury and the trial court, and the jury and the trial court, that see the witnesses and hear them testify, are much better qualified to determine these questions than we are. Some slight errors were committed during the trial, but not one of them or all of them together would authorize a reversal of the judgment of the court below. They were slight and immaterial. Some of the supposed errors, however, of which the plaintiffs in error, defendants below, complain, are not errors at all. For instance, it was not error for the court below to refuse to permit the following question, propounded by the defendants to the defendant Henning, to be answered, to wit: "Did you ever accept this proposition of his?" The defendants should have asked their own witness, who was also a party, only what was said and what was done, and then let him state the facts, and not merely conclusions. It was shown, however, by the testimony of this same witness that he did not accept the proposition; but it was also shown on the other side, by the testimony of the plaintiff below, that he did.

It is now claimed that the verdict of the jury is excessive. This claim was perhaps not fairly made in the court below. But treating it as having been specifically made in that court and overruled, then did the court commit such an error by overruling it as will require a reversal or modification of its judgment by this court? The defendants below agreed to furnish 10 cars of shelled corn at Cherokee. They furnished one car, and then failed and refused to furnish the remainder, the nine other cars, claiming that they never agreed, and were under no obligation, to furnish more than one car. They were to furnish the corn on the cars at the price of 34 cents per bushel, which was about the market price at the time of the agreement; but corn immediately advanced in price. It is supposed by the defendant in error, plaintiff below, that the verdict of the jury was rendered upon the following theory: Each car would hold about 550 bushels of shelled corn, or the nine cars would hold about 4,950 bushels, and the jury

estimated the price of the corn when it should have been delivered at about 39 cents per bushel and allowed as damages about 5 cents per bushel. The evidence tended to show that some cars would hold more and some less than 550 bushels of shelled corn, but that cars of average capacity would hold about that amount; and the evidence also tended to show that at about the time when this corn was to be delivered the price went up as high as 38 cents per bushel on the street, and that it would have taken 3 or 4 cents more per bushel to have shelled it and put it into the cars according to the contract, which would have made it cost from 41 to 42 cents per bushel on the cars. The jury probably allowed for the corn at the rate of 39 cents per bushel, although this is not definitely shown. The jury may have estimated the cars as holding more than 550 bushels, and the corn worth less than 39 cents per bushel.

We have considered all that counsel for the plaintiffs in error have said with respect to the different kinds of corn, the different kinds of value, the fluctuations in the prices of corn at Cherokee and the causes for such fluctuations, the supposed hearsay testimony of Boaz, the supposed irrelevant testimony of Lanyon, the Memphis matter, etc., and, taking all these matters and others into consideration, still we do not think that anything occurred in the case that would require or even authorize a reversal of the judgment of the court below. The judgment of the court below will therefore be affirmed.

All the Justices concurring.